UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 13-183 (JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREGORY JOSEPH JAUNICH, )<br>)<br>Defendant. ) | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE FOR A RULING RELATED TO THE EXPECTED TESTIMONY OF JON HOPEMAN** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Kimberly A. Svendsen and John Kokkinen, Assistant United States Attorneys, hereby submits its response to defendant Gregory Joseph Jaunich's Motion in Limine [Docket No. 72] for a ruling related to the expected testimony of Jon Hopeman.

Hopeman is the criminal defense attorney who represented Defendant in connection with his previous federal criminal prosecution for defrauding Xcel Energy in 2003 to 2005. Defendant acknowledges that if he presents testimony from Hopeman, doing so will require Defendant to waive the attorney-client privilege. By his motion, Defendant seeks a ruling from the Court that the waiver be narrowly limited to just those subject matters about which Hopeman testifies, namely, Hopeman's communications with Defendant regarding the plea negotiations, the plea agreement, and the change of plea hearing from the 2007 fraud case related to Defendant's Shaokatan Power Partners ("SPP") wind energy project. Defendant maintains that Hopeman's testimony about

those communications is relevant because it bears on Defendant's "state of mind and beliefs" when he sent letters on June 30, 2008, to the Averill victims.

The United States contends that Hopeman's anticipated testimony, as Defendant describes it, is simply irrelevant. It is not at all clear how Defendant's state of mind and beliefs related to his guilty plea for a different fraud that he committed between September 2003 and January 2005 is relevant to whether Defendant had the requisite intent to defraud in this case. Although not specifically articulated by the defense, it seems that the argument is that Defendant's state of mind in admitting guilt on July 1, 2008 to the SPP fraud somehow shows that he did not intend to defraud different victims on a completely different wind energy project when he sent the June 30, 2008 letter to the Averill victims.

It is possible that testimony about conversations Hopeman had with Defendant about the Averill project, Defendant's use of the Averill investor funds, or Defendant's June 30, 2008 letter to the Averill investors would be relevant to the issues in this case. But it appears from Defendant's motion that no such testimony will be elicited from Hopeman. Rather, it appears that Hopeman's anticipated testimony will amount to opinion testimony about Defendant's state of mind with respect to the SPP fraud. Such proposed testimony should be excluded on the ground that it is irrelevant and carries a substantial risk of confusing the issues or misleading the jury. *See* Fed. R. Evid 401, 403. *Cf. United States v. Salemo*, 499 F. App'x 110, 114 (2d Cir. 2012) (affirming the exclusion of evidence of communications between a defendant and his former attorney, which the defendant claimed showed he lacked the intent to defraud, on the ground that

2

the communications did not mention the fraudulent checks that formed the basis of the fraud charge and thus were more confusing than probative on the issue of the defendant's state of mind and intent with regard to the fraudulent checks); *United States v. Collier*, 68 F. App'x 676, 681-82 (6th Cir. 2003) (affirming the exclusion of opinion testimony by a defendant's prior bankruptcy attorney "regarding the defendant's lack of financial understanding and hence inability to form the criminal intent to deceive" on the Rule 403 ground that, although such testimony was not prohibited by Federal Rule of Evidence 704, it "could easily have confused the jury regarding the proper weight to assign [the attorney's] testimony").

Or, it is possible that Defendant seeks to make an end run around the Court's Order denying his motion to dismiss the Indictment by transforming his now-rejected legal arguments related to breach of the plea agreement and double jeopardy into an effort to invite jury nullification. The Court should decline to admit this type of evidence at trial. *See, e.g., United States v. Castro*, 411 F. App'x 415, 420 (2d Cir. 2011) (affirming district court preclusion of evidence inviting jury nullification and stating, "we 'categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent'").

The United States respectfully suggests that a further explanation of how Hopeman's anticipated testimony will be relevant to the issues *in this case* is required, perhaps in the form of a written offer of proof. Then, the Court will be able to assess whether Hopeman's testimony is even relevant. If it is shown to be relevant and not

substantially outweighed by the danger of confusing the issues or misleading the jury, the Court can rule on the scope of the waiver, having the benefit of knowing exactly what subjects Hopeman's testimony will cover.

If the Court determines that Hopeman's testimony is relevant and not substantially outweighed by the danger of confusing the issues or misleading the jury, Defendant will need to provide the government with documents from Hopeman's file that contain information directly related to the subject matter of his testimony in order to provide the government with a fair opportunity for cross-examination.  *See United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009).  Defense counsel has informed the government that Hopeman's file related to his representation of Defendant consists of 14 boxes of documents.  Defendant has consistently taken a narrow view of the scope of the waiver of privilege that is inconsistent with the law of the Eighth Circuit.  As such, the government requests that the Court review the 14 boxes of documents *in camera*, consistent with the procedure set forth in *United States v. Collyard*, Cr. No. 12-58 (SRN), Doc. No. 40 at 2-3 (D. Minn. Feb. 21, 2013), prior to any testimony by Hopeman.

Dated: March 20, 2014

                                              Respectfully Submitted,

                                              ANDREW M. LUGER
                                              United States Attorney

                                              /s/  John Kokkinen

                                              BY:  KIMBERLY A. SVENDSEN
                                              JOHN KOKKINEN
                                              Assistant U.S. Attorneys